IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHIRLEY PETERS**                                                  **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO: 5:14-cv-118-DCB-MTP**

**CLAIBORNE COUNTY SCHOOL DISTRICT and**                  **DEFENDANTS**
**EARL TAYLOR**

## ORDER GRANTING MOTION TO DISMISS

This cause is before the Court on Defendant's, Earl Taylor, Motion to Dismiss **[docket entry no. 16]**. Having considered the motion and response, the applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

Plaintiff Shirley Peters began working for Defendant Claiborne County School District ("the School District") in March 1983. Defendant Earl Taylor was her immediate supervisor. In August 2013, Peters reported to the State Auditor that Taylor "had removed School District Property from the Schools' campuses, and was using School Property for his personal use at his private residence." Notice Removal Ex. 1 ("Compl.") ¶8, ECF No. 1-1. Peters alleges that after she made her report to the State Auditor, Taylor told Peters that he would "blow Shirley Peter's mother f***ing head off." Compl. ¶10. Peters then reported this threat to the City of Port Gibson Police Department.

1

Peters sought psychological treatment from a doctor because of the stress caused by Taylor's threats. Her doctor certified a need for time off from work under the Family Medical Leave Act ("FMLA"), and Peters submitted FMLA paperwork to Wanda C. Fleming, the Human Resources Director for the School District, on October 8, 2013. Peters alleges that Fleming then immediately drafted a termination letter for Peters. Peters did not receive the termination letter until November 7, 2013.

Peters filed suit in the Circuit Court of Claiborne County on October 15, 2014, making claims for (1) a violation of Mississippi's public exception to the at-will employment doctrine, (2) FMLA retaliation, (3) assault by verbal threats, (4) intentional and/or grossly negligent infliction of emotional distress, and (5) punitive damages. On December 12, 2014, the School District removed this case to federal court arguing federal question jurisdiction arising from the claims related to the FMLA.[1] On March 6, 2015, Taylor moved to dismiss some of the claims against him.

Taylor argues in his motion that the claims for assault and intentional infliction of emotional distress should be dismissed because they are barred by the one-year statute of limitations. Mot. Dismiss. ¶¶ 4-5, ECF No. 16. And Peters concedes these claims

---

[1] The School District was not served with the Complaint until November 14, 2014.

should be dismissed with prejudice. Resp. 1, ECF No. 18.

"All actions for assault" must be brought within one year after the cause of action accrues. Miss. Code Ann. § 15-1-35 (1983). And the Supreme Court of Mississippi has held that this same statute of limitations governs actions for intentional infliction of emotional distress. <u>Jones v. Fluor Daniel Servs. Corp.</u>, 32 So.3d 417, 423 (Miss. 2010). As Taylor succinctly puts it in his motion: "According to the face of the Complaint, the allegations against [Taylor] occurred sometime in August of 2013. Based on Mississippi law, [Peters] would have had to file her Complaint . . . by August of 2014. She did not file until October of 2014." Mot. Dismiss ¶5. Therefore, the Court will grant the motion to dismiss these two claims relating to intentional torts. But Peters asserts in her response that she also makes claims against Taylor for gross negligence, negligent infliction of emotional distress, and punitive damages. Resp. 1. Taylor does not argue that these claims are subject to a one-year statute of limitations, and they remain viable in this suit. Accordingly,

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.

FURTHER ORDERED that the claims for intentional infliction of emotional distress and assault are DISMISSED WITH PREJUDICE.

SO ORDERED this the 22nd day of April 2015.

                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE